UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA A. BECKER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6900 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Huntington Ingalls Incorporated's Motion to Compel Supplemental Responses to Discovery Requests. ECF No. 80. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, June 3, 2025. *See* E.D. La. L.R. 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Compel Supplemental Responses is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Patricia Becker filed suit against various entities alleging that her lung cancer was caused by secondary exposure to asbestos resulting from certain defendants' former employees (former spouses Don Tuberville and Warrant Terrebonne) and brothers (Herman Becker, Alan Becker and Gary Becker). ECF No. 4-1 ¶¶ 5-9. Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) removed the case on November 16, 2023. ECF No. 1. On February 26, 2025, the Court issued a Scheduling Order setting an April 13, 2026, trial date and February 4, 2026, discovery deadline. ECF No. 73 at 3, 7.

1

Huntington Ingalls Incorporated ("HII") propounded discovery of March 11, 2025. ECF No. 80-3. Plaintiff responded on April 28, 2025. ECF No. 80-5. HII notified Plaintiff that her responses to Interrogatory Nos. 3, 4, and 6 and Request for Production Nos. 4 and 21 were deficient and scheduled a Rule 37 conference. ECF No. 80-6 at 1. Plaintiff's counsel did not attend the scheduled conference but left a voicemail indicating supplemental responses would be delivered. ECF No. 80-8. When supplemental responses were not received, HII filed this motion seeking to compel supplemental responses to Interrogatory Nos. 3, 4 and 6 and Request for Production No. 4.

## II.   APPLICABLE LAW

### A.   The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[1]

Information need not be admissible into evidence to be discoverable.[2] Rather, the information merely needs to be *proportional* and *relevant* to any claim or defense.[3]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[4] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[5] Discovery should be allowed unless the party opposing discovery

---

[1] FED. R. CIV. P. 26(b)(1).
[2] *Id.*
[3] *Id.*
[4] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[5] *Id*. (brackets and citations omitted).

establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[6]  If relevance is in doubt, a court should allow discovery.[7]

## B. Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within thirty days of service, absent court order or stipulation.[8]  A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[9]  For objections, the party must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[10]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[11]

"Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[12]  Although a party responding to interrogatories is not required to make an

---

[6] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[7] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[8] FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).
[9] *Lopez v. Don Herring Ltd*., 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[10] *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (internal quotations and citations omitted).
[11] *Chevron Midstream Pipelines LLC v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)).
[12] *Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 616 (5th Cir. 1977).

extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[13] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[14] Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[15]

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.[16] For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reasons.[17] Any objection "must state whether any responsive materials are being withheld on the basis of that objection," and if the responding party objects, it must specify the objectionable part and permit inspection of the rest.[18] Objections interposed without also clearly indicating whether any document or information is being withheld are improper.[19] All responses must clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[20] The production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."[21]

---

[13] *Lopez*, 327 F.R.D. at 579 (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).
[14] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[15] *Id.* (brackets omitted) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2013))).
[16] FED. R. CIV. P. 34(b)(2)(A).
[17] *Id.* 34(b)(2)(B).
[18] *Id.* 34(b)(2)(C).
[19] *Chevron Midstream Pipelines*, 2015 WL 269051, at *4.
[20] *Id.*
[21] FED. R. CIV. P. 34(b)(2)(b). A party has "control" over documents or materials that it has the legal right or practical ability to obtain even though it has no copy and even if the documents are owned or possessed by a

Although Rule 26(e) imposes an obligation to supplement responses,[22] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[23] Rather, the basic purpose of this rule is to prevent prejudice and surprise.[24]

### III.   ANALYSIS

HII argues that the discovery requests seek relevant information pertaining directly to Plaintiff's allegations, exposure history, and information supporting her claims as well as information about prior claims against entities for which HII may be entitled to a virile share head because HII is entitled to discover whether Plaintiff released asbestos claims and/or may be entitled to reduce its liability by the virile share of a settling joint tortfeasor. ECF No. 80-1 at 5, 7. It further argues that Plaintiff's failure to provide substantive responses and reservation of right to supplement is improper. *Id.* at 7-9.

The discovery requests and responses are as follows:

**INTERROGATORY NO. 3:**

> Please identify every individual or entity, including but not limited to, trusts and/or bankruptcy estates, with whom you entered into any settlement or similar agreement, or submitted, or expect to submit, any claim, proof of claim, and/or demand with respect to any asbestos-related injury, illness or disease, whether or not said entity is a party to this litigation.

**RESPONSE TO INTERROGATORY NO. 3:**

> Plaintiff objects to this Interrogatory. Defendant is not entitled to the requested information as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The information sought by this Interrogatory is deemed confidential settlement communications, which are not discoverable

---

nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[22] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).
[23] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).
[24] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

pursuant to La. C.E. arts. 408 and 413. Plaintiff reserves the right to supplement this Response.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of all settlement agreements, receipt and release agreements or similar agreements executed by you or on your behalf releasing any person, corporation, or other entity from any claims in any way related to or arising directly or indirectly out of Patricia Becker's alleged exposure to asbestos, no matter the disease, injury, or illness at issue in the release, including but not limited to any identified in your response to Interrogatory Nos. 2 or 3. All references to the amount paid in settlement can be redacted from the documents produced in response to this Request for Production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See Response to Interrogatory No. 3.[25]

Interrogatory No. 3 and Request for Production No. 4 seek copies of any prior settlement or release agreements relating to Plaintiff's alleged exposure to asbestos. Before Louisiana introduced comparative negligence on August 1, 1980, a joint tortfeasor was entitled to a reduction in damages proportionate to a settling tortfeasor's pro rata share.[26] After adopting a comparative fault regime, a nonsettling tortfeasor's liability is reduced by the share that would have been due by the settling tortfeasor had he not been released.[27] Thus, the requested information is directly relevant to HII's defense and percentage of potential liability.[28]

"Settlement agreements, although inadmissible in evidence for some purposes, are both discoverable and admissible for other purposes."[29] For instance, courts allow discovery of settlement agreements between the plaintiff and defendant's alleged joint tortfeasors but not the

---

[25] ECF No. 80-5 at 3, 7.
[26] *Martin v. Am. Petrofina, Inc.*, 779 F.2d 250, 254 (5th Cir. 1985), *modified*, 785 F.2d 543 (5th Cir. 1986).
[27] *Diggs v. Hood*, 772 F.2d 190, 196 (5th Cir. 1985).
[28] *See Farbe v. Cas. Reciprocal Exch.*, 765 So. 2d 994, 997 (La. 7/6/00) (explaining the current and historical effect of a plaintiff's settlement with one joint tortfeasor upon the rights of the remaining obligors).
[29] *Cleveland Constr. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004).

settlement amounts which have no relevance to the virile share calculation.[30]  Thus, the fact of settlement may be admissible to show that the damages owed by the non-settling defendants should be reduced by the virile share of the settling joint tortfeasors.[31]

Accordingly, Plaintiff's objections based on relevance and LA. CODE EVID. art. 408 are overruled, and Plaintiff is ordered to supplement her response.  HII has not, however, established that the amount of settlement has any relevance to any claim or defense.  Therefore, Plaintiff's objection based on LA. CODE EVID. art. 413 is sustained; Plaintiff may redact any settlement or release agreement to shield the amount of settlement.  Should the amount of settlement become relevant, HII may file a new motion outlining how the amount of settlement is relevant.  Further, to the extent that any settlement or release agreement is confidential, a protective order precluding disclosure and limiting the use of same to this proceeding is sufficient to address that concern.

**INTERROGATORY NO. 4:**

Please identify by name, current or last known address and telephone number each and every individual known to you or your counsel, including any co-workers, foremen and supervisors, who can give first-hand eyewitness testimony regarding Warren Terrebone, Don Tuberville, Herman Becker, Alan Becker, and Gary Becker's work and/or alleged exposure to asbestos during their employment at Avondale or any potential exposure site, as alleged in your Petition for Damages.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as it is compound in nature, overly broad, vague, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff will supply a list of witnesses she intends to call at the trial of this matter in accordance with any applicable scheduling order. Plaintiff reserves the right to supplement this Response.[32]

---

[30] *Davis v. Johns-Manville Prods.*, No.77-2282, 1990 WL 162844, at *1 (E.D. La. Oct. 16, 1990).
[31] *See Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) (affirming the admission of evidence regarding the fact of settlement by co-defendants "for the purpose of explaining why those parties were not in court"); *Romano v. Metro. Life Ins. Co.*, 221 So. 3d 176, 181 (La. App. 4 Cir. 5/24/17) (explaining that under pre-comparative fault law, "for a solidary obligor's right to receive a 'virile share credit' " the remaining defendant must show that plaintiff released a party and establish the released party's liability at trial), *writ denied*, 228 So. 3d 747 (La. 10/9/17).
[32] ECF No. 80-5 at 3-4.

To the extent that Plaintiff's "compound" objection is meant to assert a "subpart" objection under Rule 33(a)(1), the Court notes that HII propounded only 10 interrogatories. Setting aside whether Interrogatory No. 4 should be considered as five separate interrogatories, HII is still well within Rule 33(a)(1)'s 25-interrogatory limit. Plaintiff's boilerplate objections that the Interrogatory is "overly broad, vague, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence" are overruled, and Plaintiff is ordered to supplement her response. Further, Plaintiff's promise to provide a list of witnesses in accordance with any scheduling order is insufficient. Plaintiff is obliged to undertake a conscientious effort to answer fully that question within thirty days. Neither the Scheduling Order nor Rule 26(e)'s duty to supplement entitles a party to unilaterally extend the discovery response period.

**INTERROGATORY NO. 6:**

In your petition for damages, you claimed to have sustained "past, present and future lost earnings". Are you still seeking recovery for lost earnings? If so, please state:
(1) the amount(s) of your claimed losses,
(2) the factual basis for such claim(s), and
(3) the evidence (witnesses, documents, etc.) upon which you rely to establish said claim(s).

**RESPONSE TO INTERROGATORY NO. 6:**

Investigation continues. Plaintiff reserves the right to supplement this Response.[33]

Rule 26(e)'s duty to supplement does not entitle Plaintiff to a unilateral extension. Plaintiff is obliged to undertake a conscientious effort to answer fully the question within thirty days. Plaintiff has failed to do so and is ordered to supplement this response.

---

[33] *Id.* at 4-5.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Huntington Ingalls Incorporated's Motion to Compel Supplemental Responses to Discovery Requests is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff Patrica Becker deliver supplemental responses to Interrogatory Nos. 3, 4 and 6 and Request for Production No. 4 within 14 days.

New Orleans, Louisiana, this ___6th___ day of June, 2025.

*[Signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE